UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERFECTO C. VELASCO, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-0174 (CKK) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MOTION TO DISMISS

Defendant United States of America respectfully moves, pursuant to Fed. R. Civ. P. 12(b)(1) and (6), to dismiss the Complaint in this action.[1] In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities. A proposed Order consistent with this motion is attached.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
RUDOLPH C. CONTRERAS DC Bar #434122
Assistant United States Attorney

_____
KATHLEEN KONOPKA, DC BAR #495257
Assistant United States Attorney

---

[1] It is unclear whether Plaintiff is pro se. His Complaint indicates that he is "assisted by" "legal counsel" Ernesto M. Gatdula. (Complaint "Compl." at signatures). In any case, Plaintiff is informed that failure to respond to this motion may result in the District Court granting the motion and dismissing the case. Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PERFECTO C. VELASCO, )
)
      Plaintiff, )
)
v. )   Civil Action No. 06-0174 (CKK)
)
UNITED STATES OF AMERICA, )
)
)
      Defendant. )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS

I. BACKGROUND

    Plaintiff initiated this action on January 31, 2006, alleging that, while serving on active duty in the United States Navy in 1976, he was "falsely charged with larceny of government property and attempt to escape from lawful custody." (Complaint "Compl." at ¶ 2-3). According to Plaintiff, following his conviction by Special Court Martial for these charges, he was "confined and incarcerated for five (5) months and three (3) days, which is one (1) month and three (3) days over and beyond the four (4) months confinement authorized by the judgment against him[.]" (Id. at ¶ 4, 6; see "Annex A" attached to Compl.). Plaintiff claims that "his incarceration for more than five (5) months, which is more than the confinement authorized, violated his constitutional rights, constitute grave abuse and disregard of his human rights and definitely against the law." (Compl. at ¶ 7). Plaintiff seeks "compensatory, punitive and moral damages in the moderate amount of Sixty Three Million (US$63,000,000.00) U.S. dollars." (Id. at ¶ 9). For the reasons set forth herein, Plaintiff's Complaint should be dismissed.

II. ARGUMENT

<u>The Court Lacks Jurisdiction to Consider Petitioner's Claim for Monetary Damages Against the United States</u>

    Plaintiff's Complaint fails to identify a cause of action or waiver of sovereign immunity permitting the Court to exercise its jurisdiction over the United States. See <u>Floyd v. District of Columbia</u>, 129 F.3d 152, 155 (D.C. Cir. 1997). "Absent a waiver, sovereign immunity shields

the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). Congressional consent to suit in this Court, a waiver of the government's traditional immunity, must be explicit and strictly construed. Library of Congress v. Shaw, 478 U.S. 310, 318 (1986). Absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976). "Sovereign immunity is jurisdictional in nature." Meyer, supra, 510 U.S. at 475.

Although not invoked by Plaintiff, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, provides a limited waiver of sovereign immunity for monetary claims against the United States for certain torts committed by federal employees. The FTCA, however, is unavailable to Plaintiff in this case for several reasons.

First, Plaintiff has failed to exhaust his administrative remedies under the Act. The FTCA mandates that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Although phrased in the disjunctive, "this statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." Houston v. United States Postal Serv., 823 F.2d 896, 902 (5th Cir. 1987) (citing numerous cases). See also Willis v. United States, 719 F.2d 608, 612 (2d Cir. 1983); Schuler v. United States, 628 F.2d 199, 201 (D.C. Cir. 1980). Courts may not extend the waiver of sovereign immunity permitted by the Act beyond the time frame specified by Congress. See Kubrick v. United States, 444 U.S. 111, 117-18 (1979).

A search conducted by the Navy revealed that Plaintiff never filed an administrative claim with the agency regarding the allegations set forth in his Complaint. (Declaration of Patricia A. Leonard at 2). Moreover, according to Plaintiff, his claim accrued nearly thirty years ago, in 1976, when he was charged, convicted, incarcerated, and released. The time for filing an

administrative complaint having run multiple times over, Plaintiff's failure to submit his claim to the agency "forever bars" the suit before this Court.

Additionally, Plaintiff's claim is not cognizable under the FTCA.  Plaintiff alleges that he was wrongly imprisoned because he was "falsely charged" and then held "one (1) month and three (3) days over and beyond the four (4) months confinement authorized by the judgment against him[.]" (Compl. at ¶ 3, 6).  Plaintiff contends that this imprisonment "violated his constitutional rights[.]" (Id. at ¶ 7).  Congress has specifically refused to waive the Federal government's sovereign immunity for constitutional torts.  See 28 U.S.C. §§ 2679(b)(1) and (b)(2); Meyer, supra, 510 U.S. at 477 ("the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."); Laswell v. Brown, 683 F.2d 261 (8th Cir. 1982), cert. denied, 459 U.S. 1210 (1983); Birnbaum v. United States, 588 F.2d 319, 327-28 (2d Cir. 1978).  Moreover, the Supreme Court has refused to recognize an implied Bivens-type[2] cause of action against federal agencies.  Meyer, 510 U.S. at 486.  Thus, to the extent that Plaintiff's Complaint seeks monetary damages based on the United States' alleged violations of his constitutional rights, it cannot be sustained.

Plaintiff's claim is also barred by the Feres doctrine.  Feres v. United States, 340 U.S. 135 (1950).  In this seminal case, the Supreme Court established that "[t]he federal government cannot be liable under the FTCA 'for injuries to [military] servicemen where the injuries arise out of or are in the course of activity incident to service.'" Ricks v. Nickels, 295 F.3d 1124, 1127 (10th Cir. 2002) (quoting Feres, 340 U.S. at 146).  "In recent years, the Supreme Court has broadened Feres, to the point where it now encompasses, at a minimum, all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military." Pringle v. United States, 208 F.3d 1120, 1223-1224 (10th Cir. 2000).

Plaintiff in this case appears to allege that he was wrongly convicted by a Special Court

---

[2] See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

Martial and then incarcerated in a military institition for one month longer than authorized by the imposed sentence. These alleged harms "stemmed from his 'military relationship such that it is 'incident' to his military service." See Ricks, 295 F.3d at 1132 (incarcerated military prisoner's constitutional tort claim barred by Feres). Thus, redress under the FTCA is not available.

Finally, to the extent that Plaintiff seeks damages because he was "falsely charged" with the offenses for which he was incarcerated, Plaintiff's Complaint must be dismissed because it challenges the fact of a standing conviction. Sustaining such an action would be in direct contravention of Supreme Court precedent.

In Heck v. Humphrey, 512 U.S. 477 (1994), the plaintiff sought damages[3] against law enforcement authorities on the grounds that they "knowingly destroyed evidence which was exculpatory in nature and could have proved [petitioner's] innocence." Id. at 479. The Court held that such a claim which "directly implicate[s] the legality of [petitioner's] confinement, " id., could not be sustained, and indeed does not even arise, until after "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Id. at 487, 489. Plaintiff has failed to establish that his conviction by Special Court Martial has been so abrogated.

Thus, Plaintiff has cited no bases, nor could he, for the Court to exercise jurisdiction over the United States in the instant matter. Plaintiff's Complaint must be dismissed.

---

[3] The plaintiff brought his suit pursuant to 42 U.S.C. § 1983 because defendants were state, rather than federal, officials.

III. CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
RUDOLPH C. CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
KATHLEEN KONOPKA, DC BAR #495257
Assistant United States Attorney

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that service of the foregoing Motion To Dismiss, supporting memorandum, Declaration of Patricia Leonard, and proposed Order has been made by mailing copies thereof to:

Perfecto C. Velasco
2F Jojemar Building
344 Maysilo Circle
Mandaluyong City 1550
Phillippines

on this \_\_\_\_day of March, 2006.

_____
KATHLEEN KONOPKA
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.; Room E4412
Washington, D.C.  20001
(202) 616-5309