# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PERFECTO C. VELASCO,
    Plaintiff,

v.

UNITED STATES OF AMERICA,
    Defendant.

Civil Action No. 06-0174 (CKK)

## A COMMENT TO OPPOSITION TO THE "MOTION TO DISMISS"

### I. BACKGROUND

The Department of the Navy through Atty. Kathleen Konopka retaliated with a "MOTION TO DISMISS" on 31 MARCH 2006 alleging that the Court lacks Jurisdiction with regards to Petitioner's Claim for Monetary Damages amounting to $63,000,000.00 (Sixty three million U.S. dollars) against the United States Navy on the following grounds:

1.) Atty. Konopka Alleges that my Complaint fails to Identify a Cause of Action or a WAIVER OF SOVEREIGN IMMUNITY.

2.) Atty. Konopka Alleges that under the Federal Court and Claims Act, I was unavailable for MONETARY CLAIMS for several Reasons:

    2A.) For failure to EXHAUST Remedies (Administrative) under the Act.

    2B.) Refusal of Congress to WAIVE the Federal Government's Sovereign Immunity for CONSTITUTIONAL TORT.

3.) Atty. KONOPKA ALLEGES that I was barred by the "FERES DOCTRINE".

4.) Atty. KONOPKA ALLEGES that I was challenging the fact of a standing conviction, and also ALLEGES that I failed to establish that that CONVICTION by a SPECIAL COURT-MARTIAL has been so ABROGATED.

5.) FINALLY, Atty. KATHLEEN KONOPKA, ALLEGES that I sighted no bases nor even cite any RULE or AUTHORITIES for the COURT to "EXERCISE JURISDICTION OVER THE UNITED STATES of AMERICA in the INSTANT MATTER"!!! (WITH EMPHASIS)

## II. ARGUMENT

I could not ACCEPT that the U.S. NAVY declared to the HONORABLE COURT that never had I APPEALED this CASE to any APPROPRIATE Administrative body. In CONTRAST, for almost 30 years (THIRTY), I had been Appealing, never stopped SEEKING and looking for an AVENUE to APPEAL, RE-APPEAL and SUCH, and CONTESTING the SPECIAL COURT-MARTIAL that tried me in 1976 (and that the OVER-INCARCERATION ISSUE is always ASSUMED) to be the END-RESULT of the VIOLATIONS' of HUMAN RIGHTS of the SPECIAL COURT-MARTIAL, i.e., 4th Amendment Illegal Search and Seizure; 5th Amendment Pschological COERCION to a Plea Bargaining Agreement; 6th Amendment INEFFECTIVE ASSISTANCE of COUNSEL due to the PSYCH. COERC.

PAGE 2           (PLS. SEE ANNEX B)

For ALL I Know, the UNITED STATES DEPARTMENT of VETERANS AFFAIRS was my only RECOURSE to APPEAL, Re-APPEAL for the INJUSTICES by the U.S. NAVY SPECIAL COURT-MARTIAL; And I am still pursuing continually at present for the REDRESS of GRIEVANCES until such time that the APPEAL to the BOARD of VETERANS APPEAL in WASHINGTON, D.C. was REMANDED on 31 JANUARY 2007. As a matter of Fact, I am still awaiting for the supposedly SCHEDULED PERSONAL APPEARANCE in WASHINGTON which they asked.

I honestly believe, I did not "DELIBERATELY BY-PASSED" the EXHAUSTION of ADMINISTRATIVE REMEDIES. (Please SEE ANNEX B1).

The POST-TRAUMATIC STRESS DISORDER (PTSD) regarding the SPECIAL COURT-MARTIAL of APRIL, 1976 and its CONSEQUENCES including the OVER-INCARCERATION from FEBRUARY to JULY, 1976 was FELT and is getting WORSE. (Please SEE ANNEX B2). DUE to these SITUATIONS and CIRCUMSTANCES, the FERES DOCTRINE DOES NOT APPLY to MY CLAIM. (PLEASE SEE ANNEX B3).
EVEN THE FTCA (FEDERAL TORT and CLAIMS ACT) DOES NOT BAR ME from CLAIMING for DAMAGES. (PLEASE SEE ANNEX B4). In addition, even if the OVER-INCARCERATION happened during my ACTIVE DUTY in the MILITARY, the INJURY, (PTSD) was sustained several years after the Discharge.

In one of Atty. KATHLEEN KONOPKA's CITATION, she was MISTAKEN regarding the "BIVENS-Type cause of action against Federal Agents/Agencies with subsequent footnotes in PAGE 3 of Atty. KONOPKA's "MOTION TO DISMISS", that she used to BAR me of my CLAIM. I WOULD LIKE to RESPECTFULLY REQUEST, that YOU CAREFULLY NOTE that in 1971, in BIVENS V. SIX UNKNOWN NAMED AGENTS of the FEDERAL BUREAU of NARCOTICS, the SUPREME COURT held that the 4th AMENDMENT itself PERMITS!!!, INDIVIDUALS INJURED by UNCONSTITUTIONAL SEARCHES TO FILE DAMAGE SUITS AGAINST the OFFICIALS who CARRIED out the SEARCH; the EVOLVING CONSTITUTION, page 474. (Please SEE ANNEX B5). IN FURTHERANCE of my CLAIM ALLOW ME to USE and REFER to KER V. ILLINOIS 1886; FRISBIE V. COLLINS, 1952... That "THE ONLY RELIEF AVAILABLE... IN VIOLATION of HIS CONSTITUTIONAL RIGHTS is A CIVIL SUIT..." (PLEASE SEE ANNEX B6).

And LAST but not the LEAST, the U.S. NAVY VIOLATED Amendment V of the U.S. CONSTITUTION, the DOUBLE-JEOPARDY CLAUSE.

## CONCLUSION

For more or less 30 years now, I had BEEN SEEKING for JUSTICE and I honestly BELIEVED, I PURSUED my "REDRESS of GRIEVANCES" to the U.S. DEPARTMENT of VETERANS AFFAIRS and that INCLUDES SPECIFICALLY the Over-INCARCERATION I Suffered.

PAGE 4

I was on my own, but even POVERTY has not DEPRIVED me of PURSUING my APPEAL ever lack of resources. I still tried to RESEARCH, at the United States Information Service, the THOMAS JEFFERSON LIBRARY. (PLEASE SEE ANNEX B7)

But I will CONTINUE as well until I GAINED JUSTICE. I had already experienced walking from my residence to Attend to the U.S. Department of Veterans Affairs Personal Appearance at the U.S. Embassy Manila, more or less 27 Kilometers, because I had no money for transportation, and I will continue to Attain JUSTICE.

Me and my FAMILY had suffered so much, that even caused the DEATH of my TWO SONS in 1979, two years after my DISCHARGE from the U.S. NAVY.

Allow me to QUOTE what the SUPREME COURT said in FARETTA v. CALIFORNIA,...," must be honored out of that RESPECT for the INDIVIDUAL WHICH IS THE LIFEBLOOD of the LAW".

THE MOTTO of the SPECIAL COURT-MARTIAL who then tried me should be "OBSTA PRINCIPIIS". and that includes the Honorable People Trying to Dismiss my Claim.

I am then Praying to the HONORABLE COURT to GRANT me JUSTICE and my CLAIM.

28 NOVEMBER 2007                    Respectfully Submitted
                    PAGE 5        Perfecto C. Velesco