# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ———————————————— ) | |
| PEREFECTO C. VELASCO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0174 (CKK) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ———————————————— ) | |

## MEMORANDUM OPINION

This matter is before the Court on defendant's Motion to Dismiss.  For the reasons

discussed below, the Court will grant defendant's motion and will dismiss this action with

prejudice.

## I.  BACKGROUND

Plaintiff alleges that "[h]e was a U.S. Navy serviceman . . . from 1973 to 1977[.]"

Compl. ¶ 2.  He states that he was found guilty by a special court-martial of two violations of the

Uniform Code of Military Justice, resulting in his bad conduct discharge and confinement at hard

labor for four months beginning on February 17, 1976.  *See id.* ¶¶ 4, 6 & Annex A.  Plaintiff

alleges that "[q]uite recently . . . he realized that he had been confined and incarcerated for five

(5) months and three (3) days, which is one (1) month and three (3) days over and beyond the

four (4) months confinement authorized by the judgment against him, and his good behavior was

not even credited for one (1) month early release."  *Id.* ¶ 6.  "He feels and believes that his

incarceration or confinement for more than five (5) months . . . violated his constitutional rights,"
*Id.* ¶ 7, presumably those rights protected by the Fourth and Fifth Amendments to the United
States Constitution.  *See* Pl.'s Opp'n [Dkt. #12-2] at 2.  For the alleged "grave abuse and
disregard of his human rights," *id.*, plaintiff demands "compensatory, punitive and moral
damages in the moderate amount of Sixty Three Million (US $63,000,000.00) U.S. Dollars."  *Id.*
¶ 9.

## II.  DISCUSSION

### A.  This Court Lacks Subject Matter Jurisdiction

#### 1.  Sovereign Immunity

"It is axiomatic that the United States may not be sued without its consent and that the
existence of consent is a prerequisite for jurisdiction."  *United States v. Mitchell*, 463 U.S. 206,
212 (1983).  Such consent may not be implied, but must be "unequivocally expressed."  *United
States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992).  The United States has not waived its
sovereign immunity for constitutional tort claims.  *See Fed. Deposit Ins. Corp. v. Meyer*, 510
U.S. 471, 477 (1994) (holding that sovereign immunity precludes damage claims against the
United States government for constitutional violations).  In addition, sovereign immunity extends
to governmental agencies such as the Navy and to their employees where such employees are
sued in their official capacities.  *See id.* at 483-86.  Absent a waiver of sovereign immunity, then,
the plaintiff cannot prevail in his claims for damages

#### 2.  Federal Tort Claims Act

An alternative avenue of relief for plaintiff could be under the Federal Tort Claims Act
("FTCA"), *see* 28 U.S.C. § 2671 *et seq.*  Generally, the FTCA operates as a limited waiver of

sovereign immunity, rendering the United States amenable to suit for certain, but not all, tort

claims.  *See, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962).  A claimant may bring a claim

against the United States "for injury or loss of property, or personal injury or death caused by the

negligent or wrongful act or omission of any employee of the Government while acting within

the scope of his office or employment, under circumstances where the United States, if a private

person, would be liable to the claimant in accordance with the law of the place where the act or

omission occurred."  28 U.S.C. § 1346(b).

A condition of this waiver of sovereign immunity is the timely presentation of a claim to

the appropriate federal government agency.  *See United States v. Kubrick*, 444 U.S. 111, 117

(1979). An FTCA claim accrues once the injured party knows both the fact of his injury and its

cause. *See Kubrick*, 444 U.S. at 122; *Sexton v. United States*, 832 F.2d 629, 633 (D.C. Cir.

1987).  "A tort claim against the United States shall be forever barred unless it is presented in

writing to the appropriate Federal agency <u>within two years after such claim accrues</u> or unless

action is begun within six months after the date of mailing, by certified or registered mail, of

notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b)

(emphasis added).  Thus, the filing of an administrative claim with the appropriate agency is a

mandatory prerequisite to the filing of a lawsuit against the United States; without it, the Court

lacks jurisdiction to entertain a claimant's tort claims.  *See Jackson v. United States*, 730 F.2d

808, 809 (D.C. Cir. 1984); *Stokes v. United States Postal Serv.*, 937 F. Supp. 11, 14 (D.D.C.

1996).

Plaintiff cannot prevail on a claim under the FTCA for three reasons.  First, defendant

establishes that plaintiff "has not filed an administrative claim with or against the Department of

the Navy based on the subject matter of the [instant] action." Def.'s Mot., Leonard Decl. at 2.[1]

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their

administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Second, any

administrative claim under the FTCA would be time barred. The alleged injury plaintiff suffered

would have accrued in 1976 upon his release from incarceration. The two-year statute of

limitations had long since run by 2006 when plaintiff filed the instant civil action.

　　　　Plaintiff counters that "for almost 30 years . . . [he] had been appealing, never stopped

SEEKING and looking for an AVENUE to APPEAL, RE-APPEAL and SUCH, and

CONTESTING the SPECIAL COURT-MARTIAL that tried [him] in 1976 (and that the OVER-

INCARCERATION issue is always ASSUMED)[.]" Pl.'s Opp'n at 2 (capital letters in original).

These efforts appear to have been direct and collateral challenges to the special court-martial

conviction and sentence, requests for clemency, applications for review of his bad conduct

discharge, and attempts to obtain benefits from the Department of Veterans Affairs. *See id.*,

Annex B. None of these efforts appears to have been an administrative claim submitted to the

Navy pursuant to the FTCA.

　　　　In the alternative, plaintiff appears to argue that the two-year statute of limitations is

tolled because he has suffered and continues to suffer from post-traumatic stress disorder

following the special court-martial in 1976 and subsequent overdetention. Pl.'s Opp'n at 3. No

---

[1]　　　　A motion to dismiss pursuant to Rule 12(b)(1) can refer to material outside of the
pleadings without being converted into a motion for summary judgment. *See, e.g., Herbert v.
Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Bonterra Am., Inc. v. Bestmann*,
907 F. Supp. 4, 5 n.1 (D.D.C. 1995) (noting that, "[i]n deciding a motion to dismiss a case for
lack of subject matter jurisdiction, the Court may consider evidentiary matters outside the
pleadings").

court is in a position to alter the two-year statute of limitations established by Congress, *see Kubrick*, 444 U.S. at 117-18, and his condition would not excuse the late filing of his claim.

Lastly, the United States cannot be held liable under the FTCA "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Feres v. United States*, 340 U.S. 135, 146 (1950).  Plaintiff's conviction, sentence, and incarceration pursuant to the Uniform Code of Military Justice necessarily arose out of or was incident to his Navy service.  *See Schnitzer v. Harvey*, 389 F.3d 200 (D.C. Cir. 2004) (applying *Feres* doctrine to dismiss FTCA claim filed by military prisoner injured while serving a 29-year sentence at the United States Disciplinary Barracks in Fort Leavenworth, Kansas following his court-martial convictions).

### B.  Plaintiff's Claim for Monetary Damages is Barred

To the extent that plaintiff collaterally challenges the special court-martial conviction or the four-month sentence imposed, his claim must fail.  The Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove **\*487** that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Where, as here, "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.  Plaintiff does not show that his conviction or sentence has

5

been declared invalid.  To the contrary, his recitation of events demonstrates that the Convening

Authority approved the sentence imposed by the special court-martial, that the Navy Court of

Military Review affirmed his conviction, and that the Navy Discharge Review Board denied his

application for review of his bad conduct discharge.  *See* Pl.'s Opp'n, Annex B (History of the

Case).

## III.   CONCLUSION

For the reasons stated herein, the Court will grant defendant's motion to dismiss.  An

Order consistent with this Memorandum Opinion is issued separately.


_____*/s/*_____
COLLEEN KOLLAR KOTELLY
United States District Judge

Date:  November 9, 2008